[Cite as *State v. Sergent*, 2016-Ohio-7564.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 16CA11 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| REBECCA SERGENT, | : | **RELEASED 10/24/16** |
| Defendant-Appellant. | : | |

<u>APPEARANCES</u>:

Brian A. Smith, Akron, Ohio, for appellant.

Nicole Tipton Coil, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for appellee.

Harsha, J.

{¶1}    The state indicted Rebecca Sergent on one count of possession of cocaine and one count of trafficking in cocaine. In exchange for Sergent's guilty plea, the state dismissed the possession charge. After the court sentenced her to prison, Sergent appealed, raising two assignments of error.

{¶2}    First she argues that her guilty plea was obtained in violation of her state and federal constitutional rights and Crim.R. 11(C). She asserts that at the plea hearing, the trial court failed to comply with Crim.R. 11(C)(2)(c) because the trial court's colloquy did not orally advise her that she was waiving her rights against self-incrimination, to a jury trial, to confront witnesses against her, to have compulsory process for obtaining favorable witnesses, and to require the state to prove guilt beyond a reasonable doubt. We agree.  Crim.R. 11(C)(2)(c) requires strict compliance. The trial court failed to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) and instead relied

exclusively on Sergent's defense counsel to do so through the use of the written guilty plea. As a result, the trial court failed to strictly comply with the rule and its constitutional and procedural safeguards.

{¶3}     Next, Sergent argues that the trial court erred in sentencing her to a prison term for violating a condition of bond in an unrelated case. Because we reverse Sergent's conviction based upon the trial court's failure to comply with Crim.R. 11(C)(2)(c), her second assignment of error concerning the court's sentencing is moot and we need not address it. *See* App.R. 12(A)(1)(c).

## I. ASSIGNMENTS OF ERROR

{¶4}     Sergent raises two assignments of error:

1.     APPELLANT'S PLEA WAS OBTAINED IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION; AND CRIM.R. 11(C).

2.     THE TRIAL COURT VIOLATED R.C. 2929.13(B)(1)(b)(iii) WHEN IT SENTENCED APPELLANT TO 17 MONTHS PRISON.

## II. LAW AND ANALYSIS

### A.  Validity of Guilty Plea

{¶5}     In her first assignment of error Sergent contends that her guilty plea was obtained in violation of her federal and state constitutional rights and the requirements of Crim.R. 11(C) because the trial court did not strictly comply with Crim.R. 11(C)(2)(c). The state concedes that the trial court erred in this regard and also asks that we reverse and remand the matter.  After a de novo review of the record, we find that the trial court failed to both inform and determine that the defendant understands that she "is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory

process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c); *State v. Adams,* 4th Dist. Washington No. 15CA44, 2016-Ohio-2757, ¶ 11-12. The facts of this case are indistinguishable from *Adams, supra,* and for the reasons set forth therein, we sustain Sergent's first assignment of error.

{¶6}   Because we reverse Sergent's conviction based upon the trial court's failure to comply with Crim.R. 11(C)(2)(c), her second assignment of error concerning sentencing is moot and we need not address it. *See* App .R. 12(A)(1)(c).

### III. CONCLUSION

{¶7}   The trial court's failure to inform Sergent of her constitutional rights as required by Crim.R. 11(C)(2)(c) rendered her guilty plea invalid on the grounds that it was not made knowingly, intelligently and voluntarily. Having sustained her first assignment of error, we reverse the judgment of the trial court and remand the cause.

JUDGMENT REVERSED AND

CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS VACATED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
William H. Harsha, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**